# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM C. BULLOCK, SR.,** | : | Civil No. 1:12-CV-2266 |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| | : | |
| **INTERNAL REVENUE SERVICE** | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

On November 14, 2012, the plaintiff, William Bullock filed a 277 page *pro se* complaint with this court seeking an injunction forbidding the Internal Revenue Service from attempting to collect taxes from Bullock. (Doc. 1.)  This case is not the first legal foray by Bullock endeavoring to defeat IRS tax levies.  Quite the contrary, in 2009 Bullock filed a civil action against his employer, attempting to sue the employer for compliance with an IRS levy and wage garnishment.  That prior lawsuit was dismissed by this court, and the dismissal of that action was affirmed by the United States Court of Appeals for the Third Circuit in 2011. <u>Bullock v. Bimbo</u>

Bakeries USA, Inc., 414 F.App'x 470 (3d Cir. 2011). More recently, Bullock filed a similar action, Bullock v. IRS, No. 1:12-CV-1061, which was summarily dismissed by this court in July 2012.

Undeterred by these prior adverse rulings, Bullock filed the instant lawsuit[1], and now seeks the aid of this court in his latest lawsuit to directly enjoin the IRS from imposing this tax levy by filing a motion for preliminary injunction. (Doc. 7.) For the reasons set forth below, we recommend that the court deny Bullock's motion for preliminary injunction, and given his apparent failure to properly serve the defendants, it is further recommended that Bullock be placed on notice that his complaint is subject to dismissal for failure to make service.

**II.    Discussion**

**A.    Preliminary Injunction Rule 65– The Legal Standard**

*Pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1)

---

[1] Bullock paid the filing fee. Accordingly, his complaint was not subject to screening review.

2

whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.' " Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir.1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an plaintiff to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

Furthermore, several other basic legal tenets guide our discretion in this particular case, where an inmate: (1) seeks to enjoin a wide array of non-parties; and

4

(2) requests relief which goes beyond merely preserving the *status quo* in this litigation, but seeks to impose new, mandatory conditions on government officials. For example, an injunction against non-parties, like the injunction sought here, requires a specific legal showing. "A non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought. Fed.R.Civ.P. 65(d)." Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996). Further, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but...at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982).

In addition, to the extent that the plaintiff seeks a preliminary injunction with some enduring effect, he must show that he will be irreparably injured by the denial of this extraordinary relief. With respect to this benchmark standard for a preliminary injunction, in this context it is clear that:

> Irreparable injury is established by showing that plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102

5

> (1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." Acierno, 40 F.3d at 655 (citation omitted).

Messner, 2009 WL 1406986, at *4 .

In assessing a motion for preliminary injunction, the court must also consider the possible harm to other interested parties if the relief is granted. Kershner, 670 F.2d at 443. Finally, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest. Emile, 2006 WL 2773261, at * 6 (citing Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001)).

### B.  Bullock's Motion for Preliminary Injunction Fails

Here, Bullock's *pro se* motion for preliminary injunction invites the court to enjoin IRS tax collection efforts. We should decline this invitation, since we are by statute forbidden from issuing injunctions interfering with IRS tax collection activities. The Anti-Injunction Act, 26 U.S.C. §7421, speaks directly to this issue,

and provides in clear and precise terms that: "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). This clear statutory prohibition against enjoining IRS levies admits of only one narrowly crafted judicial exception. Under the "judicial exception to the Act: [A]n injunction may be obtained against the collection of any tax if (1) it is 'clear that under no circumstances could the government ultimately prevail' and (2) 'equity jurisdiction' otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury. Commissioner v. Shapiro, 424 U.S. 614, 627, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976) (quoting Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962)). The burden is on the taxpayer to establish both prongs of the test. See Elias, 908 F.2d at 525-26. Unless both prongs of the test are met, a suit for injunctive relief must be dismissed. Alexander v. 'Americans United' Inc., 416 U.S. 752, 758, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974)." Sokolow v. United States, 169 F.3d 663, 665 (9th Cir. 1999). Pursuant to this narrow exception, "Injunctions may issue in *only exceptional and extraordinary circumstances*. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932)." Parenti v. Whinston, 347 F. Supp. 471, 472 (E.D. Pa. 1972)(emphasis added).

In its present form, Bullock's *pro se* motion for preliminary injunction does not recite any of the exceptional and extraordinary circumstances which would justify injunctive relief in the face of the Anti-Injunction Act's broad prohibition against such injunctions. The plaintiff's subjective beliefs that wages are not subject to federal income taxes; his opinion that the IRS must show him the law which allows it to collect taxes from him; and his idiosyncratic view that the Internal Revenue Service must comply with the provisions of the Uniform Commercial Code before attempting to collect this tax debt are meritless and certainly do not constitute the type of exceptional circumstances contemplated by the Act. Nor can Bullock enjoin this tax levy by simply declaring himself someone who is not a "person" subject to federal income taxes.

More fundamentally, Bullock cannot avail himself of this form of injunctive relief because he cannot show irreparable harm. Bullock cannot show irreparable harm in this instance because he has another legal pathway available to him if he wishes to challenge the imposition of an IRS levy. Title 26, United States Code §6330 specifically provides that persons like Bullock who wish to challenge an IRS levy are entitled to a due process hearing with that agency. 26 U.S.C. §6330(b). At this hearing the taxpayer "may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy." 26 U.S.C. § 6330 (c)(2)(A). If the taxpayer is dissatisfied with the outcome of this agency hearing, that person "may, within 30 days

of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." 26 U.S.C. § 6330(d)(1). Since §6330 provides this full array of due process protections to a person like Bullock who wishes to contest an IRS levy, the plaintiff simply cannot show the type of irreparable, and irremediable, harm which would warrant intervention by this court. Therefore, Bullock's motion for preliminary injunction, which seeks such judicial intervention in tax collection matters, should be denied without prejudice to Bullock pursuing the legal path prescribed by statute for challenging IRS tax levies.

In sum, in its current form this motion fails to properly invoke federal jurisdiction, and seeks relief which we are forbidden by the Anti-Injunction Act from granting to the plaintiff. Moreover the motion fails to invoke any of the exceptional and extraordinary circumstances which would otherwise justify this type of equitable relief. Therefore, Bullock's motion for preliminary injunction should be denied.

### C. Bullock is Placed on Notice That His Complaint is Subject to Dismissal for Failure to Make Proper Service

Furthermore, we note that it appears that Bullock has not made service of this complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure in that the plaintiff did not properly serve the United States pursuant to Rule 4(I) by serving a copy of the complaint upon the United States Attorney. Rule 4 of the Federal Rules of Civil Procedure prescribes the method by which service can be made, and

describes how a party must demonstrate proof of service on the record. See F.R. Civ. P., Rule 4(a)-(l). Rule 4 also sets time limits for service, and prescribes the sanction of dismissal for the failure to make proper and timely service, stating as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action . . . against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

F. R.Civ. P., Rule 4(m).

The language of Rule 4(m) is both clear and mandatory. Where there is an unjustified and unexcused failure to timely serve a complaint following notice to the plaintiff, the the court "must dismiss the action." As a general rule "the party asserting the validity of service bears the burden of proof on that issue. See 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987)." Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993). When the plaintiff fails to carry this burden of proof on the issue of proper and timely service, consistent with Rule 4(m)'s mandate that the "court– on motion or on its own after notice to the plaintiff– must dismiss the action," dismissal of the case is entirely appropriate. Indeed, when a plaintiff does not show good cause for a failure to serve; Beckerman v. Susquehanna Township Police, 254 F.App'x 149, 154 (3d Cir. 2007), or fails to make service, despite warnings and requests by the

court to address service issues; Foster v. Pennsylvania Human Relations Commission, 157 F. App'x 488, 490 (3d Cir. 2005), the courts have frequently dismissed parties for the failure of service.

Here, Bullock's attempted service of his 277-page comparing does not appear to have complied with the strictures of Rule 4, and more than 120 days have passed since he filed this action. Therefore, the plaintiff is placed on notice that this action may be subject to dismissal for failure to make proper service on the defendants, and is directed to show cause on or before **August 7, 2013**, why this action should not be dismissed for failure to make service.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for preliminary injunction, (Doc. 7.), be DENIED. The plaintiff is further placed on notice that this action may be subject to dismissal for failure to make proper service on the defendants, and is directed to show cause on or before **August 7, 2013**, why this action should not be dismissed for failure to make service.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the

11

proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of July 2013.

                                               ***S/Martin C. Carlson***
                                               Martin C. Carlson
                                               United States Magistrate Judge