IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM C. BULLOCK, SR., | : | |
|     Plaintiff | : | No. 1:12-cv-02266 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| INTERNAL REVENUE SERVICE, et al., | : | (Chief Magistrate Judge Carlson) |
|     Defendant | : | |

**<u>MEMORANDUM ORDER</u>**

Presently pending before the Court is the Report and Recommendation of Magistrate Judge Carlson, recommending that Plaintiff William C. Bullock's motion for a preliminary injunction be denied and directing Plaintiff to show cause why this action should not be dismissed for failure to make proper service. (Doc. No. 8.) Upon a review of the complaint, the Report and Recommendation, and the objections thereto, the Court will adopt the Report and Recommendation, deny the motion for a preliminary injunction, and grant Plaintiff an extension of time to make proper service.

Plaintiff commenced this action against the Internal Revenue Service ("IRS") and IRS agents Henry Slaughter, DeAnn Bender, Mary Hannah, and B. Clark by filing a complaint on November 14, 2012. (Doc. No. 1.) The complaint raises seven causes of action, including that the IRS has "relentlessly and intentionally pursued in the matter of unlawful collection of Mr. Bullock and his wife in the matter of an individual income tax outside of the authority of law." (Id. at 5.) On July 16, 2013, Plaintiff filed a "Motion requesting that an injunction of farther collection procedures be placed against the Internal Revenue Service." (Doc. No. 7.)

On July 17, 2013, Magistrate Judge Carlson issued a Report and Recommendation, recommending that Plaintiff's motion for injunctive relief be denied. (Doc. No. 8.) Magistrate

1

Judge Carlson concluded that the Court is "forbidden from issuing injunctions interfering with IRS tax collection activities." (Id. at 6.) In support, Magistrate Judge Carlson cited the Anti-Injunction Act, which provides that "no suit for the purpose of restraining the assessment of collection of any tax shall be maintained in any court by any person, whether or not such a person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Magistrate Judge Carlson also recommended that Plaintiff be directed to show cause why this action should not be dismissed for failure to make proper service. (Doc. No. 8 at 9-11.)

On August 7, 2013, Plaintiff filed objections to the Report and Recommendation (Doc. No. 10) and a motion to remove Magistrate Judge Carlson from participating in this action (Doc. No. 11). Although Plaintiff's objections lack merit, the Court will briefly address them. First, Plaintiff objects to Magistrate Judge Carlson's characterization of his complaint as one seeking injunctive relief.[1] (Doc. No. 10 at 1.) Plaintiff avers that this action is "in the form of a Civil Tort seeking damages from" the IRS and IRS agents. (Id.) Magistrate Judge Carlson made clear that his recommendations addressed Plaintiff's motion for injunctive relief. (See Doc. No. 8 at 2, 11.) Accordingly, this objection lacks merit.

Second, Plaintiff contends that Magistrate Judge Carlson's reference to "prior adverse rulings" issued against him in other proceedings is "not relevant to the present suit." (Doc. No. 10 at 1-2.) The Court finds no error in this reference to Plaintiff's prior lawsuits, one of which was recently affirmed by the United States Court of Appeals for the Third Circuit.

Third, Plaintiff objects to Magistrate Judge Carlson's conclusion that he is not entitled to

---

[1] Plaintiff also filed a motion for clarification essentially stating that Magistrate Judge Carlson misstated the relief he seeks in his complaint. (Doc. No. 9.)

a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. (Doc. No. 10 at 2-5.) In the Report and Recommendation, Magistrate Judge Carlson explained that Plaintiff's motion for a preliminary injunction is foreclosed by the Anti-Injunction Act, which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The only exception to this rule is where the taxpayer demonstrates that: (1) under no circumstances could the Government prevail; and (2) the taxpayer would suffer irreparable injury in the absence of an injunction. Commissioner v. Shapiro, 424 U.S. 614, 627 (1976). Setting aside the dubious merits of Plaintiff's allegations, the Court agrees with Magistrate Judge Carlson that Plaintiff cannot demonstrate irreparable harm in the absence of an injunction because he has a statutory means of challenging the imposition of an IRS levy. Specifically, 26 U.S.C. § 6330 provides for both a due process hearing, where the taxpayer "may raise . . . any relevant issue relating to the unpaid tax or the proposed levy" and an appeals process where the taxpayer may challenge the agency's decision with the Tax Court. 26 U.S.C. ¶ 6330(c)(2)(A), (d)(1). In short, the Anti-Injunction Act bars this Court from granting the relief Plaintiff seeks in his motion for injunctive relief.

Fourth, Plaintiff objects to Magistrate Judge Carlson's finding that he has failed to make proper service under Rule 4 of the Federal Rules of Civil Procedure. (Doc. No. 10 at 5-6.) A plaintiff is required to serve both the complaint and a court-issued summons within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(c), (m). "If the plaintiff fails to do so within that time, Rule 4(m) requires the district court to determine whether he or she has shown good cause for the failure." Snyder v. United States, 404 F. App'x 695, 697 (3d Cir. 2010). If the plaintiff

has shown good cause for the failure, the district court must grant an extension of time to effect service.  Id.  But if the plaintiff has failed to show good cause for the failure, the district court may dismiss the complaint or grant a discretionary extension.  Id.

On the date on which Magistrate Judge Carlson issued his Report and Recommendation, Plaintiff had not provided any evidence to the Court that any of the named Defendants had been served with copies of the complaint and of the summons.  In his objections to the Report and Recommendation, however, Plaintiff contends that he served all Defendants with a copy of his complaint and exhibits on January 2, 2013.  (Doc. No. 10 at 5.)  He also attached a certificate of service, stating that the IRS and the individual IRS agents named as Defendants in his complaint were served with copies of the complaint and exhibits on January 2, 2013.  (Doc. No. 11-1.)

Under Rule 4(i)(2), a plaintiff who sues an agency, corporation, officer, or employee of the United States "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."  Fed. R. Civ. P. 4(i)(2).  To serve the United States, a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Id. 4(i)(1)(A)-(B).  Here, Plaintiff offers no evidence that he served copies of the complaint and summons on the Attorney General for the Middle District of Pennsylvania or on the Attorney General of the United States by registered or certified mail.  Thus, Plaintiff has failed to comply with Rule 4(i)(1).  The Court, however, will grant Plaintiff an extension of time to effect service.

Fifth, Plaintiff raises an objection to Magistrate Judge Carlson's authority to issue a

4

Report and Recommendation addressing his motion for injunctive relief. (Doc. No. 10 at 6.) In support, he cites 28 U.S.C. § 636(b)(1)(A), which provides that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief . . . ." Under Section 636(b)(1)(B), however, "a judge may also designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)." 28 U.S.C. § 636(b)(1)(B). In this district, a magistrate judge's proposed findings and recommendations are set forth in a document entitled a "Report and Recommendation." Any party may file written objections to the Report and Recommendation within fourteen days after being served with a copy. Id. § 636(b)(1). Accordingly, Plaintiff's objection that Magistrate Judge Carlson was acting beyond the scope of his authority lacks merit.

Finally, Plaintiff moves the Court to remove Magistrate Judge Carlson from participating in this action and to disregard the findings and recommendations contained in the Report and Recommendation.[2] (Doc. No. 11.) In support of this motion, Plaintiff restates the same objections he made to the Report and Recommendation. (Id. at 1-2.) For the reasons already

---

[2] In his objections, Plaintiff identifies a single grammatical error in Magistrate Judge Carlson's Report and Recommendation. (Doc. No. 10 at 6.) In light of this error, Plaintiff states: "It is obvious that the Magistrate's paper was prepared without forethought or checking for mistake or misstatements and is filled with carelessness or possibly written under the influence." (Id.) In addition, in his motion to remove Magistrate Judge Carlson from participating in this action, Plaintiff states that Magistrate Judge Carlson "may have been under the influence of a mind controlling substance while in process of preparing and organizing" the Report and Recommendation. (Doc. No. 11 ¶ 4.)

Upon review of the Report and Recommendation, the Court finds that Magistrate Judge Carlson's findings and recommendations are the result of sound legal analysis. The Court also advises Plaintiff that it will not tolerate ad hominem attacks upon Magistrate Judge Carlson and that continued use of such language risks sanctions under the Federal Rules of Civil Procedure.

discussed, the Court is satisfied that Magistrate Judge Carlson's findings and recommendations are the result of sound legal analysis. The Court, therefore, will deny Plaintiff's motion to remove Magistrate Judge Carlson from participating in this action.

**ACCORDINGLY**, on this 14th day of August 2013, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Carlson's Report and Recommendation (Doc. No. 8) is **ADOPTED**;

2. Plaintiff's motion for injunctive relief (Doc. No. 7) is **DENIED**;

3. Plaintiff's motion for clarification (Doc. No. 9) is **DENIED AS MOOT**;

4. Plaintiff's motion to remove Magistrate Judge Carlson from presiding over this action (Doc. No. 11) is **DENIED**;

5. Plaintiff is directed to comply with Rule 4(i) of the Federal Rules of Civil Procedure by properly serving the United States Attorney General and the United States Attorney for the Middle District of Pennsylvania and by filing a certificate of service with this Court within twenty-one days of the date of this order. Plaintiff is placed on notice that failure to comply with this directive will result in dismissal of this action.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania