IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM C. BULLOCK, SR., | : | |
|     Plaintiff | : | No. 1:12-cv-02266 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| INTERNAL REVENUE SERVICE, et al., | : | (Chief Magistrate Judge Carlson) |
|     Defendants | : | |

## MEMORANDUM

Before the Court is the Report and Recommendation of Chief Magistrate Judge Carlson, recommending that Plaintiff William C. Bullock's motion for default judgment be denied and Defendants United States of America, Henry Slaughter, DeAnn Bender, Mary Hannah, and B. Clark's motion to dismiss Plaintiff's complaint be granted.  (Doc. No. 22.)  Upon review of the complaint, the Report and Recommendation, and Plaintiff's objections thereto, the Court will adopt the Report and Recommendation, deny Plaintiff's motion for default judgment, and grant Defendants' motion to dismiss Plaintiff's complaint.

I.  BACKGROUND

Plaintiff commenced the above-captioned action against the Internal Revenue Service ("IRS") and IRS agents Henry Slaughter, DeAnn Bender, Mary Hannah, and B. Clark by filing a complaint on November 14, 2012.  (Doc. No. 1.)  In his complaint, Plaintiff raises seven causes of action, including that the IRS has "relentlessly and intentionally pursued in the matter of unlawful collection of Mr. Bullock and his wife in the matter of an individual income tax outside of the authority of law."  (Id. at 5.)  On July 16, 2013, Plaintiff filed a "Motion requesting that an injunction of farther [sic] collection procedures be placed against the Internal Revenue Service." (Doc. No. 7.)

On July 17, 2013, Chief Magistrate Judge Carlson issued a Report and Recommendation, recommending that Plaintiff's motion for injunctive relief be denied on the basis of the Anti-Injunction Act, which provides that "no suit for the purpose of restraining the assessment of collection of any tax shall be maintained in any court by any person, whether or not such a person is the person against whom such tax was assessed." (Doc. No. 8 at 6.)  See also 26 U.S.C. § 7421(a).  Magistrate Judge Carlson further recommended that Plaintiff be directed to show cause why this action should not be dismissed for failure to make proper service.  (Doc. No. 8 at 9-11.)

On August 7, 2013, Plaintiff filed objections to the Report and Recommendation (Doc. No. 10) and a motion to remove Magistrate Judge Carlson from this action (Doc. No. 11).  The Court adopted the Report and Recommendation, finding that Plaintiff's objections lacked merit, and that there were no grounds for removing Magistrate Judge Carlson from the action.  (Doc. No. 12.)  The Court also directed Plaintiff to comply with Rule 4(i) of the Federal Rules of Civil Procedure by properly serving the United States Attorney General and United States Attorney for the Middle District of Pennsylvania.  (Id. at 6.)  On August 27, 2013, Plaintiff complied with the Court's order and offered proof of service.  (Doc. No. 13.)

On November 20, 2013, Plaintiff filed a motion for default judgment.  (Doc. No. 14.)  On November 26, 2013, Magistrate Judge Carlson ordered Defendant United States to respond to Plaintiff's motion for default judgment.  (Doc. No. 16.)  On December 9, 2013, Defendants filed a motion to dismiss the action for failure to state a claim.  (Doc. No. 19.)  Magistrate Judge Carlson issued a Report and Recommendation on January 3, 2014, recommending that the Court grant Defendants' motion to dismiss, and deny Plaintiff's motion for default judgment.  (Doc.

No. 22.) On January 8, 2014, Plaintiff filed objections to the Report and Recommendation. (Doc. No. 24.) The Court will address Magistrate Judge Carlson's Report and Recommendation and Plaintiff's objections thereto in turn.[1]

## II. DISCUSSION

### A. Plaintiff's motion for default judgment

Magistrate Judge Carlson first recommends that the Court deny Plaintiff's motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure, because "a default judgment may only be entered when the party against whom the default judgment is sought was served and 'has failed to plead or otherwise respond.'" (Doc. No. 22 at 3); Fed. R. Civ. P. 55(a). Entry of default judgment is "left primarily to the discretion of the district court." Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). In exercising its discretion, the Court considers: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (internal citations omitted).

Magistrate Judge Carlson recommends that the Court find that the discretionary factors favor denying default judgment in this matter because: (1) Plaintiff is not unfairly prejudiced by denial at this stage in the proceedings while Defendants would be highly prejudiced by entry of default judgment; (2) Plaintiff's claims do not appear to be meritorious; and (3) Defendants did

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

not engage in any culpable conduct warranting entry of default judgment against them. (Doc. No. 22 at 4-5.)

Plaintiff generally objects to much of the language in Magistrate Judge Carlson's Report and Recommendation, and claims that Judge Carlson is prejudiced both against pro se litigants in general, and Plaintiff in particular. (Doc. No. 24 at 3.) Plaintiff argues that because Defendants did not respond to his motion for default judgment until ordered to do so by the Court, Defendants engaged in culpable conduct, and therefore Plaintiff is entitled to default judgment in his favor. (Id. at 5, 7.) Further, he suggests that contrary to Magistrate Judge Carlson's recommendation, his claim is meritorious, and "the real reason behind the effort to have this case dismissed without dealing with the merits or facts of the case is to avoid the case entirely." (Id. at 6.)

The Court finds Plaintiff's arguments regarding his motion for default judgment unpersuasive. Nothing in Magistrate Judge Carlson's Report and Recommendation indicates that he is biased against pro se litigants, or against Plaintiff in particular. Further, Plaintiff's objections regarding his motion for default judgment fail to acknowledge that the Court is entitled to discretion, based on the aforementioned factors, in determining whether to grant default judgment. See $55,518.05 in U.S. Currency, 728 F.2d at 195. Merely accusing Magistrate Judge Carlson of attempting to avoid Plaintiff's case does not establish that the discretionary factors favor granting Plaintiff's motion for default judgment. See id. Additionally, that Defendants did not respond to Plaintiff's motion for default judgment until the Court ordered them to do so does not rise to the level of "culpable conduct" warranting default judgment unless the action was "taken willfully or in bad faith." See Gross v. Stereo Component

Sys., Inc., 700 F.2d 120, 123-24 (3d Cir. 1983). Although Plaintiff accuses Defendants of "completely and intentionally avoid[ing] and evad[ing] all responsibility to the Federal Rules of Civil Procedure and fairness," he does not offer any facts to support his allegation that Defendants proceeded in bad faith. (Doc. No. 24 at 7.) Indeed, as Magistrate Judge Carlson notes in his Report and Recommendation, Defendants filed a motion to dismiss Plaintiff's action in response to Plaintiff's motion for default judgment, and thus "it cannot be said that the defendants have defaulted upon their obligations as litigants." (Doc. No. 22 at 5.) The Court finds no error in Magistrate Judge Carlson's recommendation that Plaintiff's motion for default judgment be denied. Accordingly, the Court will adopt Magistrate Judge Carlson's recommendation, and deny Plaintiff's motion for default judgment.

  B.  **Defendants' motion to dismiss**

Magistrate Judge Carlson further recommends that the Court grant Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim, both because Plaintiff failed to oppose Defendants' motion to dismiss in accordance with the Local Rules, and because Plaintiff's claims fail on their merits. (See Doc. No. 22 at 5-7.) Specifically, Magistrate Judge Carlson recommends that the Court grant Defendants' motion because Plaintiff failed to state a claim upon which relief can be granted, and because the Court lacks subject-matter jurisdiction over the action on the basis of sovereign immunity. (See id.) Plaintiff objects, arguing that the Local Rules should not apply because "there was no order given from the court for plaintiff to respond to motion to dismiss." (Doc. No. 24 at 7.) He further asserts that his claim should not be dismissed on the merits because "the merits of the case have not been argued nor rebutted by the defendants." (Id. at 8.)

The Court finds that Magistrate Judge Carlson did not err in his recommendation that Defendants' motion to dismiss be granted. First, Plaintiff did not respond to Defendants' motion to dismiss, and thus, under Local Rule 7.6 of the Middle District of Pennsylvania, Plaintiff is deemed to have concurred in the motion. (See M.D. Pa. Local Rules, Rule 7.6.) Plaintiff's contention that the Court did not inform him that if he did not respond to motions within fourteen days he would be deemed to concur is false. (See Doc. No. 24 at 7; see also Doc. No. 3.) On November 14, 2012, the Court issued to Plaintiff a standing practice order, which advised him of the Local Rules he must follow, including Local Rule 7.6. (Doc. No. 3 at 2.) Plaintiff concedes that he received a copy of the Local Rules through the standing order, but misunderstands the significance of his receipt of the Court's order. (See Doc. No. 24 at 7-8.) Plaintiff believes that because he is a pro se litigant, his receipt of the Court's standing order did not constitute an "order proceeding from the court." (Id. at 8.) However, the standing order clearly states that the responsibilities outlined in the Local Rules apply to pro se plaintiffs. (Doc. No. 3 at 1.) Thus, Plaintiff's argument that Local Rule 7.6 should not be enforced in this case is unavailing. Accordingly, the Court finds that Magistrate Judge Carlson did not err in deeming Defendants' motion to dismiss unopposed. However, although dismissal is permissible for this reason under the Local Rules, the Court will nonetheless proceed to Magistrate Judge Carlson's recommendations regarding the merits of Plaintiff's complaint.

The Court finds that Magistrate Judge Carlson did not err in recommending dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Doc. No. 22 at 7.) Dismissal pursuant to Rule 12(b)(6) is proper when Defendants are entitled to judgment as a matter of law. See Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

To avoid dismissal, the complaint must contain allegations sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Essentially, a plaintiff must "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). Stated otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

Magistrate Judge Carlson recommends the Court find that Plaintiff failed to allege sufficient facts to support a claim against the various IRS officials whom he has named as defendants. (Doc. No. 22 at 12.) He also recommends the Court find that Plaintiff's lawsuit against the United States is precluded by sovereign immunity, because Plaintiff has not identified a statutory source of waiver of sovereign immunity. (Id. at 15.) Finally, Judge Carlson recommends that the Court find the Anti-Injunction Act, 26 U.S.C. § 7421, specifically precludes Plaintiff's claim for injunctive relief. (Id. at 17-18.)

Plaintiff objects to dismissal on the merits of his claim, and contends that "[t]he merits of the case have not been argued nor rebutted by the defendants . . . ." (Doc. No. 24 at 8.) Plaintiff also argues that he sufficiently pled his claims against Defendants by naming the Internal

Revenue Service through its agents as the entity that unlawfully acted against him in each of his seven causes of action. (Id. at 9-10.) Plaintiff next contends that sovereign immunity does not exist, and that "[t]here is no difference whether a private person or a government official of whatever capacity proceeds to commit an act that if [sic] forbidden by law." (Id. at 11.) Plaintiff does not offer specific objections to Magistrate Judge Carlson's recommendation that the Anti-Injunction Act precludes his claim for injunctive relief.

The Court finds that Plaintiff's objections are completely devoid of legal merit. First, a Rule 12(b)(6) dismissal for failure to state a claim "is presumed to be a judgment on the merits unless otherwise specified." Ball v. Famiglio, 726 F.3d 448, 460 n.17 (3d Cir. 2013). Thus, Plaintiff's contention that the Court has not reached the merits of his claims is incorrect. (See Doc. No. 24 at 8.) Further, Plaintiff appears to misunderstand the legal reasoning behind Magistrate Judge Carlson's recommendation that the Court find that Plaintiff failed to state a claim against the specific defendants named in the complaint. Plaintiff's objection ignores the legal principle that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior," and instead presumes that for pleading purposes, it is enough that he name the IRS through its agents as the entity he believes to have caused him harm. (See Doc. No. 24 at 10); Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Plaintiff's presumption is incorrect, and his objection has no legal basis. In order to sufficiently state a claim for liability against a government entity as Plaintiff attempts to do here, he must allege that specific defendants were personally involved in depriving him of a legal right. See Iqbal, 556 U.S. at 676 (stating that "a plaintiff must plead that each Government-

official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff's complaint fails to meet Iqbal's specification requirements. (See Doc. No. 24 at 9-10.) Rather, Plaintiff's complaint offers only legal conclusions regarding the ways in which he believes the IRS and its agents have harmed him, and does not detail how particular conduct of specific Defendants allegedly violated his legal rights.[2] (See id.) The Court therefore finds that Magistrate Judge Carlson did not err in determining that Plaintiff failed to meet the pleading standards set forth by the United States Supreme Court in Ashcroft v. Iqbal and Bell Atlantic Corporation v. Twombly. 556 U.S. at 576; 550 U.S. at 555. Accordingly, the Court will adopt Magistrate Judge Carlson's recommendation that the Court dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim.

Further, Plaintiff's contention that sovereign immunity does not exist is incorrect. It is a "well-settled principle that the federal government is immune from suit save as it consents to be sued." Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996) (internal citations omitted). When suing the United States or one of its instrumentalities, a plaintiff "must identify a specific statutory provision that waives the government's sovereign immunity from suit." Clinton Cty. Comm'rs v. U.S. E.P.A., 116 F.3d 1018, 1021 (3d Cir. 1997). Here, Magistrate Judge Carlson recommends the Court find that the two statutes on which Plaintiff relies, 28 U.S.C. § 1346 and 26 U.S.C. § 7433, do not waive the United States' sovereign immunity, because Section 1346 does not apply to claims relating to tax assessment, and Section 7433 contains two prerequisites that Plaintiff has not met. (Doc. No. 22 at 15-17.) Magistrate Judge Carlson also notes that

---

[2] For example, Plaintiff's complaint offers the legal conclusion that, "[t]he Internal Revenue Service through its agents and others under the IRS authority have relentlessly and intentionally pursued in the matter of unlawful collection of Mr. Bullock and his wife in the matter of an individual income tax outside of the authority of law." (Doc. No. 24 at 9-10.)

Plaintiff cannot rely on 42 U.S.C. § 1983 to establish jurisdiction, because Section 1983 "does not authorize actions against Federal agents acting under Federal law." (Id. at 16); see also Bethea v. Reid, 445 F.2d 1163, 1164 (3d Cir. 1971). The Court finds that Magistrate Judge Carlson did not err in his jurisdictional analysis of the aforementioned statutes; therefore, the Court finds that sovereign immunity shields the United States from Plaintiff's suit. See Matsko v. United States, 372 F.3d 556, 558 (3d Cir. 2004). Accordingly, the Court will adopt Magistrate Judge Carlson's recommendation that the Court does not possess subject-matter jurisdiction over the United States in this action on the basis of sovereign immunity.

Finally, Plaintiff offers no objections as to Magistrate Judge Carlson's recommendation that the Anti-Injunction Act precludes Plaintiff's claim for injunctive relief. After review of Magistrate Judge Carlson's Report and Recommendation, the Court detects no error in the recommendation that the Act precludes injunctive relief. The Court will therefore adopt Magistrate Judge Carlson's recommendation that the Anti-Injunction Act precludes Plaintiff's claim for injunctive relief.

### III.   CONCLUSION

After review of the Report and Recommendation and Plaintiff's objections thereto, the Court will adopt Magistrate Judge Carlson's recommendations that Plaintiff's motion for default judgment be denied and that Defendants' motion to dismiss Plaintiff's complaint be granted. An order consistent with this memorandum follows.